NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 5, 2013
Decided April 5, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2534

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-95-BBC-01 |
| EZRA MIRANDA, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Ezra Miranda sold 4.5 ounces of cocaine to a confidential informant in a series of controlled buys. He pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846. The district court adopted the probation officer's guidelines calculations, which yielded a sentence of 151 to 188 months' imprisonment based in part on Miranda's status a career offender due to past convictions for battery and manufacturing or delivering THC, see U.S.S.G. § 4B1.1(a). The court sentenced Miranda to only 120 months' imprisonment, however, because these convictions were "less egregious than the usual conduct of persons sentenced as career offenders." Miranda filed a notice of appeal, but his lawyer has concluded that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Miranda opposes his lawyer's motion. See Cɪʀ. R. 51(b).

We confine our review to the potential issues identified in counsel's facially adequate brief and Miranda's response. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Miranda could challenge the adequacy of his plea colloquy or the voluntariness of his guilty plea, but it is unclear whether counsel has discussed such a challenge with Miranda. An attorney should not even explore arguments under Federal Rule of Criminal Procedure 11 in an *Anders* brief without confirming that the client wants to withdraw his guilty plea. See *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Nevertheless, we need not reject counsel's *Anders* submission because the information included in his brief, Miranda's response, and our review of the record satisfies us that a challenge to the plea would be frivolous. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel identifies no deficiency in the plea colloquy, and our review of the transcript confirms that the district court substantially complied with the requirements of Rule 11.

Counsel does consider whether Miranda could challenge his 120-month sentence as unreasonable. As counsel recognizes, we would presume that Miranda's below-guidelines sentence is reasonable, see *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and counsel identifies no reason to disturb that presumption. The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), noting that Miranda had been undeterred by his two state sentences but acknowledging that his crimes were less serious than those of other career offenders.

Counsel and Miranda also consider challenging Miranda's classification as a career offender. Miranda contends that the classification was unfounded because the battery charge carried a maximum punishment of only 9 months. As counsel notes, however, the battery charge carried a maximum penalty of greater than one year because it was charged as a violation of Wisconsin's habitual criminality statute. See WIS. STAT. § 939.62(1)(a); *United States v. Bissonette*, 281 F.3d 645, 647 (7th Cir. 2002). Miranda also urges that the THC-distribution conviction should have been expunged after he completed probation. But his lawyer conceded at sentencing that Miranda "is a career offender because he does have one drug sale predicate," and thus Miranda waived any argument that he does not have two felony convictions for drug crimes or crimes of violence. See *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000).

Miranda also proposes arguing that the court incorrectly found that his relevant conduct involved almost 2 kilograms of cocaine. This argument would be frivolous, however, because as a career offender Miranda's sentence was based on the statutory maximum for his offense of conviction, not the drug-quantity provisions of U.S.S.G. § 2D1.1. See U.S.S.G. § 4B1.1(b); *United States v. Redmond*, 667 F.3d 863, 872 (7th Cir. 2012).

Counsel finally considers whether Miranda could raise a claim about the performance of his trial counsel but correctly concludes that any such claim would best be presented on collateral review, where the necessary record may be developed. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.